## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHELSEA KANE,** | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 20-4572-KSM** |
| **SENIOR LIFE,** | |
| Defendant. | |

### MEMORANDUM

**MARSTON, J.**                                            **December 16, 2020**

Plaintiff Chelsea Kane brings this action against her former employer, Defendant Senior Life,[1] arguing that the company fired her because she was pregnant and suffered from a disability in violation of Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act (ADA), and the Pennsylvania Human Relations Act (PHRA).  (*See generally* Doc. No. 1.)  Senior Life filed its answer on November 27, 2020 (Doc. No. 5), and on December 10, 2020, filed a Motion to Transfer Venue, which asks that we transfer this case to the Middle District of Pennsylvania (Doc. No. 7).  A few days later, the parties filed a Stipulation, in which both parties ask that we transfer this case to the Middle District.  (Doc. No. 8.)

Without addressing the merits of Kane's claims, the Court finds that transfer to the Middle District of Pennsylvania is appropriate in this case.

---

[1] PACE Healthcare Transportation, Inc. asserts that it has been misidentified in the complaint as Senior Life.  (Doc. No. 5 at p. 1.)  At this point, we take the allegations in the complaint as true and assume that Senior Life is the relevant defendant.  *Cf. Yelverton v. Lab. Corp. of Am. Holdings*, Civil Action No. 19-6045-KSM, 2020 WL 2307353, at *2 (E.D. Pa. May 8, 2020) ("Although Defendant contends that [the allegations in the complaint are] baseless, Defendant fails to provide any affidavits or any other record evidence as to where it does (or does not) maintain its principal place of business.  As such, the Court finds itself constrained [by the allegations in the complaint].").

I.

Although the parties have stipulated to transfer to the Middle District of Pennsylvania, the Court must independently evaluate whether transfer is appropriate.  *See White v. ABCO Eng'g Corp.*, 199 F.3d 140, 142 (3d Cir. 1999) ("We conclude that § 1404(a) transfers may not be made simply by stipulation . . . .").

In federal court, venue questions are governed by 28 U.S.C. §§ 1404(a) and 1406(a). *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).  Section 1404(a) governs transfer when "both the original and the requested venue are proper."  *Id.*  Under § 1404(a), a district court may for the convenience of the parties and witnesses and in the interest of justice "transfer any civil action to any other district or division where it may have been brought or to any district or division to which all parties have consented."  *See* 28 U.S.C. § 1404(a).  "Section 1406(a), on the other hand, applies where the original venue is improper[.]"  *Jumara*, 55 F.3d at 878.  Under § 1406(a), the court may either dismiss the action or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Under this framework, we must first decide whether venue is proper in the Eastern District of Pennsylvania.  The general venue statute contained in 28 U.S.C. § 1391 applies for Kane's ADA and PHRA claims.  Section 1391 states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated,

or (3) a judicial district in which any defendant may be found, if there is no district
in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  When the defendant is a company, as in this case, the company is deemed

to reside in any judicial district in which it is subject to personal jurisdiction.  28 U.S.C.

§ 1391(c)(2).  Because Pennsylvania has more than one judicial district, we treat the Eastern

District of Pennsylvania as if it were its own state and analyze whether the defendant has

sufficient contacts with the District such that we could exercise personal jurisdiction over it.  *Id.*

§ 1391(d); *see also Dellget v. Wolpoff & Abramson, L.L.P.*, Civil Action No. 07-1024, 2007 WL

4142769, at *2–3 (E.D. Pa. Nov. 21, 2007) ("[T]o determine if venue is proper in this Court, one

must analyze whether, treating the Eastern District of Pennsylvania as though it were its own

state, the Eastern District of Pennsylvania could exercise personal jurisdiction over [the

defendant].").

Kane also brings a Title VII claim, which is governed by 42 U.S.C. § 2000e-5(f)(3), not

§ 1391.  *See Yelverton*, 2020 WL 2307353, at *2 ("In the underlying action, Plaintiff also brings

a Title VII claim, and Title VII contains a provision strictly limiting venue for civil rights

actions." (internal citations and quotation marks omitted)); *see also Herzog v. Zales Corp.*,

No. 15-1079, 2015 WL 3448738, at *1 (E.D. Pa. May 29, 2015) ("Title VII contains an

exclusive provision for cases brought within its ambit, rendering inapplicable the general venue

provision of 28 U.S.C. § 1391." (internal quotation marks and citations omitted)); *Silva v. Mayo

Clinic*, No. Civ. A. 04-1519, 2004 WL 1563018, at *1 (E.D. Pa. July 13, 2004) ("Title VII

contains a provision strictly limiting venue for civil rights actions.").  Section 2000e-5(f)(3)

provides in relevant part:

> [A Title VII] action may be brought in [1] any judicial district in the State in which
> the unlawful employment practice is alleged to have been committed, [2] in the
> judicial district in which the employment records relevant to such practice are

3

maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought [4] within the judicial district in which the respondent has his principal office.  For purposes of sections 1404 and 1406 of title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).

We address venue as to Kane's ADA and PHRA claims before turning to her Title VII claims.

## II.

Venue is not proper in the Eastern District of Pennsylvania for Kane's ADA and PHRA claims, contained in Counts IV through XII of the complaint.  Under § 1391(b), those claims are properly venued in any district where the defendant resides or where a "substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(1)–(2).[2]  The complaint alleges that "Defendant is a business in Pennsylvania" located at "1910 Manada Street Harrisburg, Pa. 17104."  (Doc. No. 1 at ¶ 10.)  The complaint also alleges that Senior Life, acting through its employee, Brittany Hillard, discriminated against Kane while she was at work in Harrisburg.  (*Id.* at ¶¶ 10–34.)  Harrisburg is located in the Middle District of Pennsylvania.  Because Senior Life does not reside in this District,[3] and Kane has alleged no facts that connect

---

[2] Because we find that the Middle District of Pennsylvania is an appropriate venue under § 1391(b)(1) and (2), we do not address § 1391(b)(3), which applies only when "there is no district in which the action may otherwise be brought."

[3] In its Motion, PACE Healthcare asserts that venue is proper in the Eastern District because it "also provides transportation services for a facility in Reading."  (Doc. No. 7-3 at p. 3.)  But even assuming that this is true and that PACE Healthcare is the proper defendant, this statement standing alone does not show that PACE Healthcare resides in the Eastern District.  As explained above, a defendant resides for venue purposes in any judicial district where it would be subject to personal jurisdiction.  *See* 28 U.S.C. § 1391(d).  PACE Healthcare has not shown that it has such "continuous and systematic" affiliations with the Eastern District that it is subject to general jurisdiction here.  *See Daimler AG v. Bauman*, 571 U.S. 117, 133, 134 n.11 (2014) (explaining that "a corporation's continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity" because "general jurisdiction requires affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State" (quotation

her ADA and PHRA claims to the Eastern District of Pennsylvania, venue is not proper in this Court under § 1391(b).[4]

Because the Eastern District is not a proper venue, we must dismiss these claims, or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  In the interest of justice, we will grant the parties' request and transfer Counts IV through XII to the Middle District of Pennsylvania.

III.

As for Kane's Title VII claims, contained in Counts I through III of the complaint, because Kane alleges that she was discriminated against in Pennsylvania, venue is proper under § 2000e-5(f)(3) in any judicial district in the Commonwealth.  *See* 42 U.S.C. § 2000e-5(f)(3) (stating that venue is proper in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed"); *see also Kastanidis v. Pennsylvania*, No. 5:16-cv-00734, 2016 WL 3459536, at *1 (E.D. Pa. June 24, 2016) ("The statue provides that venue is proper 'in any judicial district in the State in which the unlawful employment practice is alleged to have been committed,' which means that venue is proper in 'any judicial district' in Pennsylvania, including this one."); *Moy v. Rose View Ctr.*, Civil Action No. 05-6300, 2006 WL 3511687, at *4 (E.D. Pa. Dec. 5, 2006) ("[V]enue is not limited to the district in which the

---

marks omitted)).  Neither has PACE Healthcare shown that it is subject to specific personal jurisdiction in this District.  Specific jurisdiction is analyzed on a claim-by-claim basis, and courts in this Circuit consider whether (1) the defendant "purposefully directed its activities at the forum"; (2) the litigation "arise[s] out of or relate[s] to at least one of those activities"; and (3) whether "the exercise of jurisdiction otherwise comports with fair play and substantial justice."  *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (quotation marks and citations omitted).  Although PACE Healthcare provides transportation services for a facility in this District, those services are "completely separate from Ms. Kane's employment in Harrisburg."  (Doc. No. 7-3 at p. 3.)  Therefore, we cannot find that Kane's ADA and PHRA claims arise out of PACE Healthcare's activities in this District, such that we would have specific jurisdiction over it here.  Because neither party has shown that PACE Healthcare would be subject to personal jurisdiction in this District, we cannot find that it resides here for venue purposes.

[4] In the alternative, even if we were to find that Senior Life resides in this District, such that venue is proper here, we find that transfer to the Middle District would be appropriate under § 1404(a) for the reasons discussed below.

5

Case 1:20-cv-02377-SHR   Document 10   Filed 12/16/20   Page 6 of 8

unlawful acts occurred, but rather, is proper in any district in the state in which those unlawful acts occurred.").

Because both the Eastern District and the Middle District of Pennsylvania are proper venues for Kane's Title VII claims, we consider the *Jumara* private and public interest factors to determine whether transfer to the Middle District of Pennsylvania is appropriate. *See Jumara*, 55 F.3d at 879 (outlining the public and private interest factors that must be considered before a case is transferred pursuant to § 1404(a)); *Yelverton*, 2020 WL 2307353, at *3 ("[H]aving made the threshold determination under § 1404(a) that venue is proper in both forums, the Court now considers the *Jumara* private and public interest factors to determine whether transfer to the District of Delaware under § 1404(a) is appropriate in this case.").

In *Jumara*, the Third Circuit explained that the private interest factors are: (1) the "plaintiff's forum preference as manifested in the original choice," (2) the defendant's forum preference, (3) "whether the claim arose elsewhere," (4) "the convenience of the parties as indicated by their relative physical and financial condition," (5) "the convenience of the witnesses — but only to the extent that the witnesses may actually be unavailable for trial in one of the fora," and (6) "the location of books and records (similarly to the extent that the files could not be produced in the alternative forum). 55 F.3d at 879. The public interest factors include: (1) "the enforceability of the judgment," (2) "practical considerations that could make the trial easy, expeditious, or inexpensive," (3) "the relative administrative difficulty in the two fora resulting from court congestion," (4) "the local interest in deciding local controversies at home," (5) "the public policies of the fora," and (6) "the familiarity of the trial judge with the applicable state law in diversity cases." *Id.*

For the private interest factors, although Kane originally filed this case in the Eastern District of Pennsylvania, she has stipulated to transfer to the Middle District, which is Senior Life's preferred venue.  (Doc. No. 8.)  Kane and Senior Life both reside in the Middle District, suggesting that forum would be the most convenient for them, and Kane's discrimination claims arose there.  (*See generally* Doc. No. 1.)  Given the close proximity of the two fora, the other private interest factors — including the proximity of witnesses that may be needed for trial and the location of books and records — do no "render one forum significantly more convenient than the other."  *Jumara*, 55 F.3d at 882.  As for the public interest factors, because "the two fora are adjacent districts of the same state," none of the public factors weighs heavily in favor of one forum over the other.  *Id.*  There is no likelihood of an enforcement problem in the Middle District as opposed to the Eastern District, no distinct public interest in resolving the claims in Philadelphia, no clear difference in policy preferences for the two locales, and no disparity in the qualifications of the federal judges sitting in the two districts to pass on federal law.  *Id.* at 882–83.

In sum, each factor either weighs in favor of transfer or stands neutral on the issue. Therefore, the Court will also transfer Counts I through III to the Middle District.  *See id.* (holding that transfer from the Eastern District of Pennsylvania to the Middle District of Pennsylvania was warranted where the plaintiff resided in the Middle District, the contract at issue was signed there, the underlying accident occurred there, and the parties' contract included a forum selection clause that in effect specified the Middle District of Pennsylvania as the site for any arbitration); *Yelverton*, 2020 WL 2307353, at *5 (finding that transfer from the Eastern District of Pennsylvania to the District of Delaware was warranted where the plaintiff resided in

Delaware, worked in Delaware for Defendant, a Delaware corporation, and allegedly experienced discrimination in Delaware).

## IV.

In sum, the Court finds that transfer to the Middle District of Pennsylvania is appropriate for Counts I through III under § 1404(a) and for the remaining counts under § 1406(a). Therefore, we will grant Defendant's unopposed Motion to Transfer Venue (Doc. No. 7) and approve the parties' Stipulation to Transfer Venue (Doc. No. 8).

An appropriate order follows.